# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **BK RACING, LLC,** | ) Case No. 18-30241 |
| | ) |
| Debtor. | ) |
| | ) |
| **MATTHEW W. SMITH, Chapter 11 Trustee for BK Racing, LLC** | ) |
| | ) |
| | ) Adv. Pro. No. 20-03007 |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **NANCY O'HARO,** | ) |
| | ) |
| **Defendant.** | ) |

## ANSWER TO COMPLAINT

**NOW COMES** the above-captioned defendant Nancy O'Haro (the "Defendant"), and responds to the *Complaint* (the "Complaint") filed by Matthew W. Smith, Chapter 11 Trustee for BK Racing, LLC (the "Plaintiff") as follows:

### MOTION TO DISMISS

Pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable through Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure, the Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted.

### RESPONSE TO NUMBERED ALLEGATIONS OF COMPLAINT

1. The allegations of Paragraph 1 are admitted.

2. The allegations of Paragraph 2 are admitted.

1

3. In response to Paragraph 3, the Plaintiff does not allege facts, but rather asserts conclusions of law for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 3 be construed as factual against the Defendant, the allegations, if any, contained in Paragraph 3 are denied.

4. In response to Paragraph 4, the Plaintiff does not allege facts, but rather asserts conclusions of law for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 4 be construed as factual against the Defendant, the allegations, if any, contained in Paragraph 4 are denied.

5. The allegations of Paragraph 5 are admitted.

6. In response to Paragraph 6, the Plaintiff does not allege facts, but rather asserts conclusions of law for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 6 be construed as factual against the Defendant, the allegations, if any, contained in Paragraph 6 are denied.

7. In response to Paragraph 7, the Plaintiff does not allege facts, but rather asserts conclusions of law for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 7 be construed as factual against the Defendants, the allegations, if any, contained in Paragraph 7 are denied.

8. The allegations of Paragraph 8 are admitted.

9. The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are admitted.

11. The allegations of Paragraph11 are admitted.

12. In response to Paragraph 12, the Plaintiff does not allege facts against the Defendant for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 12 be construed as factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and the same are therefore denied.

13. In response to Paragraph 13, the Plaintiff does not allege facts against the Defendant for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 13 be construed as factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and the same are therefore denied.

14. In response to Paragraph 14, the Plaintiff does not allege facts against the Defendant for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 14 be construed as factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and the same are therefore denied.

15. In response to Paragraph 15, the Plaintiff does not allege facts against the Defendant for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 15 be construed as factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and the same are therefore denied.

16. In response to Paragraph 16, the Plaintiff does not allege facts against the Defendant for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 16 be construed as factual, Defendant is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and the same are therefore denied.

17. In response to Paragraph 17, the Plaintiff does not allege facts against the Defendant for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 17 be construed as factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and the same are therefore denied.

18. In response to Paragraph 18, the Plaintiff does not allege facts against the Defendant for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 18 be construed as factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and the same are therefore denied.

19. In response to Paragraph 19, subject to certain defenses, it is admitted that the Defendant received monies via wire transfers and/or checks. Except as admitted herein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and the same are therefore denied.

20. In response to Paragraph 20, it is admitted that the Defendant is employed as a personal assistant for Mr. Devine at a company known as A&R Foods, Inc. Except as admitted herein, the remaining allegations of Paragraph 20, implied or otherwise, the Plaintiff does not allege facts against the Defendant for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 20 be construed as factual against the Defendant, the allegations, if any, contained in Paragraph 20 are denied.

21. In response to Paragraph 21, It is admitted that the Defendant filed a secured claim for $500,000.00 in the bankruptcy case of Springfield Land Development, LLC. As to the remaining allegations, the Plaintiff does not allege facts against the Defendant for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 21 be construed as factual against the Defendant, the allegations, if any, contained in Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. In response to Paragraph 24, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and the same are therefore denied.

25. In response to Paragraph 25, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and the same are therefore denied.

26. In response to Paragraph 26, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and the same are therefore denied.

27. In response to Paragraph 27, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and the same are therefore denied.

28. In response to Paragraph 28, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and the same are therefore denied

29. In response to Paragraph 29, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and the same are therefore denied.

30. In response to Paragraph 30, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and the same are therefore denied.

31. In response to Paragraph 31, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and the same are therefore denied.

32. In response to Paragraph 32, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and the same are therefore denied.

33. In response to Paragraph 33, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and the same are therefore denied

34. In response to Paragraph 34, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and the same are therefore denied.

35. In response to Paragraph 35, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and the same are therefore denied.

36. In response to Paragraph 36, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and the same are therefore denied.

37. In response to Paragraph 37, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and the same are therefore denied.

38. The allegations, if any, of Paragraph 38 are denied, and the Defendant hereby objects to any express or implied reservation.

39. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

40. In response to Paragraph 40, subject to certain defenses, it is admitted that the certain transfers were completed within two years of the Petition Date. Except as admitted herein, the remaining allegations, implied or otherwise, are denied.

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 are denied.

43. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

44. In response to Paragraph 44, subject to certain defenses, it is admitted that the certain transfers were completed within two years of the Petition Date. Except as admitted herein, the remaining allegations, implied or otherwise, are denied.

45. The allegations of Paragraph 45 are denied.

46. In response to Paragraph 46, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and the same are therefore denied

47. In response to Paragraph 47, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and the same are therefore denied.

48. In response to Paragraph 48, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and the same are therefore denied.

49. The allegations of Paragraph 49 are denied.

50. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

51. In response to Paragraph 51, subject to certain defenses, it is admitted that the certain transfers were completed within four years of the Petition Date. Except as admitted herein, the remaining allegations, implied or otherwise, are denied.

52. The allegations of Paragraph 52 are denied.

53. The allegations of Paragraph 53 are denied.

54. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

55. In response to Paragraph 55, subject to certain defenses, it is admitted that certain transfers were completed within four years of the Petition Date. Except as admitted herein, the remaining allegations, implied or otherwise, are denied.

56. The allegations of Paragraph 56 are denied.

57. In response to Paragraph 57, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and the same are therefore denied.

58. In response to Paragraph 58, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, and the same are therefore denied.

59. In response to Paragraph 59, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and the same are therefore denied.

60. The allegations of Paragraph 60 are denied.

61. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

62. In response to Paragraph 62, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and the same are therefore denied.

63. In response to Paragraph 63, the Plaintiff does not allege facts, but rather asserts conclusions of law for which no response is required under the Federal Rules of Civil Procedure.

Should the allegations or inferences contained in Paragraph be construed as factual against the Defendant, the allegations, if any, contained in Paragraph 63 are denied.

64. The allegations of Paragraph 64 are denied.

65. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

66. The allegations of Paragraph 66 are denied.

67. In response to Paragraph 67, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and the same are therefore denied.

68. The allegations of Paragraph 68 are admitted.

69. The allegations of Paragraph 69 are admitted.

70. In response to Paragraph 70, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and the same are therefore denied.

71. In response to Paragraph 71, it is admitted that some of the transfers asserted by the Plaintiff were made between ninety (90) days and one year before the Petition Date. Except as admitted herein, the remaining allegations, implied or otherwise, including any assertion that the Defendant was an insider are denied.

72. In response to Paragraph 72, the Plaintiff does not allege facts, but rather asserts conclusions of law for which no response is required under the Federal Rules of Civil Procedure. Should the allegations or inferences contained in Paragraph 72 be construed as factual against the Defendant, the allegations, if any, contained in Paragraph 72 are denied.

73. The allegations of Paragraph 73 are denied.

74. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

75. The allegations of Paragraph 75 are denied.

76. In response to Paragraph 76, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and the same are therefore denied.

77. In response to Paragraph 77, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and the same are therefore denied.

78. The allegations of Paragraph 78 are denied.

79. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

80. In response to Paragraph 80, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and the same are therefore denied.

81. In response to Paragraph 81, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and the same are therefore denied.

82. The allegations of Paragraph 82 are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Estoppel)

83. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

84. The Plaintiff's claims against the Defendant is barred by the doctrines of judicial estoppel and equitable estoppel.

## Second Affirmative Defense
### (Good Faith)

85. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

86. The Plaintiff's claims against the Defendant are barred as the Defendant took a transfer, if any, as an immediate or mediate transferee from the initial transferee, for value, in good faith and without knowledge of the voidability of the transfer.

## Third Affirmative Defense
### (Incurred in the Ordinary Course)

87. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

88. The Plaintiff's claims against the Defendant are barred as the Debtor incurred the debt in the ordinary course of business or financial affairs of the Debtor and the Defendant or, alternatively, made according to ordinary business, industry terms.

## Fourth Affirmative Defense
### (Subsequent New Value)

89. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

90. The Plaintiff's claims against the Defendant are barred as the Defendant provided subsequent new value after the asserted Transfers.

## Fifth Affirmative Defense
### (Any all Defenses permitted under §§ 547, 548 and 550)

91. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

92. The Plaintiff's claims against the Defendant are barred as the Debtor incurred the debt in the ordinary course of business or financial affairs of the Debtor and the Defendant or, alternatively, made according to ordinary business, industry terms.

### Sixth Affirmative Defense
### (Reasonable Equivalent Value)

93. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

94. The Plaintiff's claims against the Defendant are barred as the Debtor received reasonable equivalent value for any transfers made to the Defendant. incurred the debt in the ordinary course of business or financial affairs of the Debtor and the Defendant or, alternatively, made according to ordinary business, industry terms.

### Seventh Affirmative Defense
### (Laches)

95. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

96. The Plaintiff's claims against the Defendant are barred by the doctrine of laches.

### Eighth Affirmative Defense
### (Statute of Limitations and/or Repose)

97. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

98. The Plaintiff's claims against the Defendant are barred by the statute of limitations and/or repose.

### Ninth Affirmative Defense
### (N.C.G.S. 39-23.8(c))

99. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

100. The Plaintiff's claims against the Defendant are barred and/or reduced by N.C.G.S. 39-23.8(c).

### Tenth Affirmative Defense
### (Right to plead additional Affirmative Defenses)

101. All paragraphs of the Defendant's Answer are realleged and incorporated herein by reference as if fully set forth.

102. The Defendant reserves the right to plead additional affirmative defenses that may be revealed during the course of discovery.

**WHEREFORE**, the Defendant prays the Court for the following relief:

1. That the Complaint be dismissed with prejudice;

2. That the Plaintiff have and recover nothing of the Defendant;

3. That the Defendant be awarded its costs, including its attorneys' fees and costs incurred in defending this matter;

4. The issues presented before the Court be adjudicated via jury trial; and

5. Such other relief as the Court deems just and proper.

This 14th day of May, 2020.

              **ESSEX RICHARDS, P.A.**

              */s/ John C. Woodman*
              John C. Woodman
              NC Bar No. 42365
              1701 South Boulevard
              Charlotte, North Carolina 28203
              Tel: (704) 377-4300
              Fax: (704) 372-1357
              E-mail: jwoodman@essexrichards.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Answer has this date been furnished to the following counsel by the pleading or paper enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

MOON WRIGHT & HOUSTON
Andrew Houston
121 West Trade St., Suite 1950
Charlotte, NC 28202

This 14th day of May 2020.

                               **ESSEX RICHARDS, P.A.**

                               _/s/ John C. Woodman_____
                               John C. Woodman
                               NC Bar No. 42365
                               1701 South Boulevard
                               Charlotte, North Carolina 28203
                               Tel: (704) 377-4300
                               Fax: (704) 372-1357
                               E-mail: jwoodman@essexrichards.com